IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,<br><br>Petitioner,<br><br>vs.<br><br>EVEREST REINSURANCE COMPANY, f/k/a Prudential Reinsurance Company<br><br>Respondent. | :<br>:<br>:<br>:<br>:  Case No.<br>:<br>:<br>:<br>:<br>:<br>: |

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY'S PETITION TO COMPEL ARBITRATION**

Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), by and through its attorneys, respectfully petition this Court, pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, for an order and judgment compelling Respondent Everest Reinsurance Company ("Everest") to arbitrate a dispute with Petitioner as provided in the parties' written arbitration agreement.

**PARTIES**

1. Petitioner Penn National is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Harrisburg, Pennsylvania.

220528895

2. Everest Reinsurance Company f/k/a Prudential Reinsurance Company ("Everest") is a company organized under the laws of the state of New Jersey, with its principal place of business in New Jersey.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(I) because the parties are citizens of different states and the amount in controversy is in excess of $75,000, excluding interest and costs of court. Venue is proper in this District under 28 U.S.C. § 1391(a) as a substantial part of the events or omissions giving rise to this controversy occurred in this District. Venue is also proper under 9 U.S.C. § 4, because the parties' arbitration agreements require arbitration to take place within this District.

## FACTUAL BACKGROUND

4. Penn National entered into a series of Excess of Loss Reinsurance Contracts for the years 1991 through 1996 with multiple layers in each year ("Treaties"). Everest participated in the Treaties as follows:

    1991– Second, Third, and Fourth Layers of the Treaties;

    1992– Second, Third, and Fourth Layers of the Treaties

    1993– Second, Third, and Fourth Layers of the Treaties

    1994– First, Second, Third, and Fourth Layers of the Treaties

1995– First, Second, Third, and Fourth Layers of the Treaties

1996– First, Second, and Third, Layers of the Treaties.

*See* Letter dated May 16, 2018 from Richard P. Regan, Esq. to Stephen H. Martin demanding arbitration ("Arbitration Demand") being submitted under seal as Exhibit A. (A true and correct copy of the Second Excess Treaty for 1991, a representative sample of the Treaties, is being submitted under seal as Exhibit B.)

5. In each of the Treaties, the parties agreed to submit to arbitration any dispute between the parties concerning the Treaties. The parties' arbitration agreement contained in the Treaties requires that each party appoint an arbitrator and that the two arbitrators so appointed choose a third arbitrator or umpire. Failing agreement on an umpire, the arbitration agreements prescribe a selection process in which each arbitrator nominates three candidates, each arbitrator declines two of the candidates nominated by the other arbitrator, and the umpire is randomly selected from the two remaining candidates. (See e.g., Exhibit B at ¶ 26.)

6. A dispute between the parties has arisen with respect to reinsurance recoveries for certain losses that Penn National billed to Everest under the terms of the Treaties.

7. Penn National demanded arbitration by letter dated May 16, 2018, setting forth the basis for its demands and appointing its party arbitrator. *See* Ex.

A.

8. Everest responded by letter dated July 27, 2018, claiming Penn National's commencement of arbitration and designation of its party arbitrator constituted "nullities" but nevertheless provisionally appointed its own arbitrator.

9. On that same day Everest wrote to the individuals that previously constituted an arbitration panel that had decided a separate dispute between Penn National and a different reinsurer under some (but not all) of the same treaties. In the earlier dispute the panel issued a final award; however, prior to the confirmation of that award the parties concluded their dispute by confidential settlement. Everest was not a party to nor did it participate in this earlier arbitration or confidential settlement. Subsequent to that confidential settlement, Everest in its July 27 letter requested that the individuals of that prior panel reconvene to preside over the dispute between Penn National and Everest.

10. Penn National has expressed its opposition to Everest's attempt to require that the present dispute be submitted to the former members of a now defunct panel selected for a separate and now fully concluded arbitration.

11. Penn National's arbitrator contacted Everest's arbitrator, several times over several months, in an effort to move forward with umpire selection as required by the Treaties. (See Exhibit B at ¶ 26(C).)

12. On October 9, 2018 Everest's arbitrator informed Penn National's

arbitrator that Everest would not participate in umpire selection because of its effort to require the present dispute to be heard by the individuals of the disbanded panel.

13. Everest's arbitrator has refused to engage in umpire selection as required by the Arbitration agreement in the Treaties.

14. The terms of the Treaties, and specifically the parties' written agreement to arbitrate contained therein, are valid and should be enforced.

15. The claims underlying the dispute are arbitrable and there are no legal constraints, statutes or policies that render the claims non-arbitrable.

16. Penn National is entitled to arbitrate its dispute under the terms of the Treaties.

## **PRAYER FOR RELIEF**

Petitioners respectfully request that this Court issue an Order compelling Respondent Everest Reinsurance Company to arbitrate the parties' dispute.

Respectfully submitted,

Dated: November 12, 2018    By: /s/ Robert W. Tomilson

                                          Robert Tomilson (rtomilson@clarkhill.com)
                                          Joseph M. Donley (Pa. I.D. No. 23058)
                                          Scott B. Galla (sgalla@clarkhill.com)
                                          Clark Hill PLC
                                          One Commerce Square
                                          2005 Market Street, Suite 1000
                                          Philadelphia, PA 19103
                                          (215) 640-8550
                                          rtomilson@clarkhill.com

## Verification

I, Scott Maize, am authorized to make this verification on behalf of Petitioner Pennsylvania National Mutual Casualty Insurance Company. Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the statements of fact in the foregoing Petition to Compel Arbitration are true and correct.

November 12, 2018

220528895