# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Pennsylvania National Mutual Casualty Insurance Company, <br><br> Petitioner, <br><br> v. <br><br> Everest Reinsurance Company, <br><br> Respondent. | Case No.: 1:18-mc-00653-JEJ <br><br><br> **Consolidated Cases** |
| Everest Reinsurance Company, <br><br> Petitioner, <br><br> v. <br><br> Pennsylvania National Mutual Casualty Insurance Company, <br><br> Respondent. | Case No.: 1:18-mc-00656-JEJ |

## MEMORANDUM OF LAW IN RESPONSE TO PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY'S MOTION TO SEAL

|  |  |
|---|---|
| | Saiber LLC <br> 18 Columbia Turnpike, Suite 200 <br> Florham Park, New Jersey 07932 |
| On the Brief: <br> Joseph J. Schiavone, Esq. <br> Jeffrey S. Leonard, Esq. <br> Marc E. Wolin, Esq. | Tel. 973-622-3333 <br> Fax 973-622-3349 <br> Attorneys for Respondent-Petitioner <br> Everest Reinsurance Company |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................1

FACTUAL BACKGROUND ................................................................................1

    A.    The Reinsurance Treaties and Penn National's Breach of the Mandatory Consolidation Clause ...............................................................1

    B.    The Competing Petitions to Compel Arbitration Filed by Penn National and Everest and Penn National's Motion to Seal the Exhibits to its Petition ..........................................................................................2

    C.    Everest's Forthcoming Motion to Unseal the Exhibits that Penn National Filed in the Confirmation Action ...............................................3

LEGAL ANALYSIS ..............................................................................................4

    I.    STANDARD FOR MOTION TO SEAL .......................................................4

    II.    PENN NATIONAL HAS NOT MET ITS BURDEN ..................................5

CONCLUSION .......................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.,
 800 F.2d 339 (3d Cir. 1986) ..................................................................5

In re Cendant Corp.,
 260 F.3d 183 (3d Cir. 2001) ................................................................5, 6

Leucadia, Inc. v. Applied Extrusion Techs., Inc.,
 998 F.2d 157 (3d Cir. 1993) ..................................................................4

Nixon v. Warner Commc'ns, Inc.,
 435 U.S. 589 (1978) ..............................................................................4

Pansy v. Borough of Stroudsburg,
 23 F.3d 772 (3d Cir. 1994) ................................................................4, 5

Publicker Indus., Inc. v. Cohen,
 733 F.2d 1059 (3d Cir. 1984) ................................................................5

## PRELIMINARY STATEMENT

Everest Reinsurance Company ("Everest") submits this memorandum of law in response to the motion to seal filed by Pennsylvania National Mutual Casualty Insurance Co. ("Penn National") in Case No. 1:18-mc-00653-JEJ. The arbitration demand and reinsurance agreement that Penn National moves to seal have, for the most part, already been publicly filed. Further, Penn National has not carried its burden to show how disclosure of those documents will cause a clearly defined and serious injury in this instance. Accordingly, Penn National has not met the burden required for the issuance of a sealing order.

## FACTUAL BACKGROUND

### A. The Reinsurance Treaties and Penn National's Breach of the Mandatory Consolidation Clause

This matter arises out of a series of reinsurance agreements (the "Treaties") between Penn National and several reinsurance companies, including Everest. Each of the Treaties includes the same, broad arbitration clause with the mandatory consolidation provision under which "<u>all</u>" reinsurers involved in a dispute "<u>shall</u>" constitute and act as one arbitral party.

A dispute has arisen between Penn National and its reinsurers regarding reinsurance coverage for lead paint losses arising in the Baltimore, Maryland area (the "Lead Paint Losses"). In 2014, Penn National sent Everest and other reinsurers bills requesting payment under the Treaties for the Lead Paint Losses. Many

reinsurers, including Everest, disputed those bills and refused to pay them. Thereafter, Penn National participated in arbitration concerning the dispute over the Lead Paint Losses with two of its reinsurers, New England Reinsurance Corporation and Hartford Fire Insurance Company, before a panel of three arbitrators (the "First Panel"). Under the mandatory consolidation clause contained in the Treaties, Everest was <u>required</u> to be -- but was not -- included as a party in those arbitration proceedings before the First Panel.

In April 2018, Penn National petitioned this Court (under Case No. 1:18-mc-00278-JEJ) to confirm an award issued by the First Panel (the "Confirmation Action"). Penn National obtained a confidentiality order sealing documents in the Confirmation Action, including the award, before it withdrew its petition to confirm the award on May 3, 2018. Penn National never notified Everest of the existence of the arbitration, the award, or its petition to confirm.

### B. The Competing Petitions to Compel Arbitration Filed by Penn National and Everest and Penn National's Motion to Seal the Exhibits to its Petition

On May 16, 2018, less than two weeks after withdrawing its petition to confirm the First Panel's award, Penn National purported to demand a new, separate arbitration against Everest to recover its billings for the same Lead Paint Losses under the same Treaties. Penn National and Everest have filed competing petitions to compel arbitration, which are pending as a consolidated matter under

Case No. 1:18-mc-00653-JEJ. Those petitions are the mirror image of each other, with one critical difference. As set forth in further detail in Everest's Memorandum of Law in Opposition to Penn National's Petition, Everest seeks to compel Penn National to continue its arbitration before the First Panel pursuant to the terms of the mandatory consolidation provision in the arbitration agreement between Penn National and its reinsurers, whereas Penn National seeks to deprive Everest of the benefit of the mandatory consolidation provision by starting anew before a different, not-yet-constituted panel.

Penn National's present motion seeks an order sealing Exhibits A and B to its petition to compel arbitration. Exhibit A is the May 16, 2018 arbitration demand that Penn National sent to Everest, and Exhibit B is one of the Treaties.

### C. Everest's Forthcoming Motion to Unseal the Exhibits that Penn National Filed in the Confirmation Action

Although Penn National has not met its burden for the present motion to seal, Everest does not have a need for the documents that Penn National seeks to seal because Everest already has them. However, Everest does have a need for other documents that Penn National filed with the Court under seal in the Confirmation Action. Everest is preparing a motion to intervene in that action to request an order unsealing the arbitration award and the Treaties submitted as exhibits to Penn National's petition to confirm. Everest is filing that motion because it needs those documents to oppose Penn National's attempt to compel

3

Everest to arbitrate before a new, yet-to-be constituted second panel, and because it should have been included as a party to the earlier proceedings before the First Panel.

Penn National's Statement of Justification submitted with its present motion to seal recognizes that Everest will need to be provided with documents from the prior arbitration proceedings before the First Panel. Specifically, Penn National admits that the competing petitions to compel arbitration at issue here "will necessarily require some confidential Arbitration Information relating to the prior arbitration [to] be presented to the Court in this matter." Penn National's Statement of Justification for Sealing Order at ¶ 11. Notwithstanding that admission, Penn National has not provided Everest with the exhibits for which Penn National obtained a sealing order in the Confirmation Action: the award issued by the First Panel and the Treaties.

## LEGAL ANALYSIS

### I. STANDARD FOR MOTION TO SEAL

There is a "presumption of public access" to court proceedings and documents filed in the courts of the United States. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 780-81 (3d Cir. 1994); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 162 (3d Cir. 1993). To rebut the right of access, a party must

demonstrate that (i) the records it wishes to block from public view are "the kind of information that courts will protect," and that (ii) "disclosure will work a clearly defined and serious injury to the party seeking closure." In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (citations omitted); see also Pansy, 23 F.3d at 786; Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). A party resisting disclosure must make a particularized showing of a clearly defined and serious injury to establish a need for confidentiality. See Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 346 (3d Cir. 1986).

## II. PENN NATIONAL HAS NOT MET ITS BURDEN

Penn National moves to seal the May 16, 2018 arbitration demand that it sent to Everest and one of the Treaties, attached as Exhibits A and B respectively to Penn National's petition to compel arbitration. Everest has been served with these documents (and also already had them through the regular course of business) and, thus, does not have a compelling need to have them unsealed (unlike the documents that Penn National filed under seal in the Confirmation Action).

Nonetheless, Everest notes that the May 16, 2018 arbitration demand and pertinent excerpts from the Treaties have already been publicly filed as exhibits to Everest's petition to compel Penn National to continue arbitration before the First Panel. See Case No. 1:18-mc-00656-JEJ, Doc. No. 4 (Exhibits A and E to Everest's Petition), and Penn National has not sought to have those exhibits sealed.

5

In addition, Penn National has not made the required particularized showing of how disclosure of those documents "will work a clearly defined and serious injury to the party seeking closure." <u>In re Cendant Corp.</u>, 260 F.3d at 194. Instead, it has merely asserted that the public interest in the case is limited. <u>See</u> Penn National's Statement of Justification for Sealing Order at ¶ 21. Thus, in this particular case, Penn National has not met the standard required to obtain a sealing order.

## CONCLUSION

For the reasons set forth herein, the Court should deny Penn National's motion for an order sealing Exhibits A and B to Penn National's Petition to Compel Arbitration.

Dated: January 9, 2019  Respectfully submitted,

SAIBER LLC

By:   s/ *Jeffrey S. Leonard*
      Jeffrey S. Leonard   (NJ 031161993)
      jleonard@saiber.com
      (Admitted pro hac vice)

      Joseph J. Schiavone (NJ 012761989)
      jschiavone@saiber.com
      (Admitted pro hac vice)

      Marc E. Wolin     (PA 65437)
      mwolin@saiber.com

      18 Columbia Turnpike, Suite 200
      Florham Park, New Jersey 07932
      Tel. 973-622-3333
      Fax 973-622-3349
      Attorneys for Respondent-Petitioner
      Everest Reinsurance Company

1355853.DOCX

## CERTIFICATION OF COMPLIANCE WITH M.D.Pa. LOCAL RULE 7.8(b)

I, Jeffrey S. Leonard, Esq., hereby certify as follows:

1. Pursuant to Local Rule 7.8(b)(2) for the United States District Court for the Middle District of Pennsylvania, this brief complies with the word count-limitation of M.D.Pa. Local Rule 7.8(b)(2) because this brief contains 1,278 words (including body of the brief and footnotes, but excluding the cover, tables, and signature block) in a proportionally spaced typeface (Times New Roman) 14-point size. This calculation sum was provided by the Microsoft Word processing system word count function.

I certify under penalty of perjury that the foregoing is true and correct. Executed on January 9, 2019.

                                            s/ *Jeffrey S. Leonard*
                                                Jeffrey S. Leonard