IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Pennsylvania National Mutual Casualty Insurance Company,<br><br>   Petitioner,<br><br>  v.<br><br>Everest Reinsurance Company,<br><br>   Respondent. | Case No.: 1:18-mc-00653-JEJ<br><br>**Consolidated Cases** |
| Everest Reinsurance Company,<br><br>   Petitioner,<br><br>  v.<br><br>Pennsylvania National Mutual Casualty Insurance Company,<br><br>   Respondent. | Case No.: 1:18-mc-00656-JEJ |

**MEMORANDUM OF LAW IN RESPONSE TO
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE
COMPANY'S MOTION TO SEAL DOCUMENTS
ACCOMPANYING EVEREST REINSURANCE COMPANY'S
BRIEF IN OPPOSITION TO PETITION TO COMPEL ARBITRATION**

On the Brief:
Joseph J. Schiavone, Esq.
Jeffrey S. Leonard, Esq.
Marc E. Wolin, Esq.

Saiber LLC
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
Tel. 973-622-3333
Fax 973-622-3349
Attorneys for Petitioner-Respondent
Everest Reinsurance Company

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................. ii

PRELIMINARY STATEMENT .............................................................................1

FACTUAL BACKGROUND ..................................................................................3

    A.    The Reinsurance Treaties and Penn National's Breach of the Mandatory Consolidation Clause ........................................................................3

    B.    The Competing Petitions to Compel Arbitration Filed by Penn National and Everest ............................................................................................4

    C.    Everest's Motion to Unseal the Exhibits that Penn National Filed in the Confirmation Action ........................................................................5

    D.    Everest's Filing of the Exhibits to Its Opposition Papers and Penn National's Motion to Seal those Exhibits .....................................................6

LEGAL ANALYSIS .................................................................................................7

    I.    STANDARD FOR MOTION TO SEAL ....................................................7

    II.    PENN NATIONAL HAS NOT MET ITS BURDEN .................................8

    III.    THE COURT SHOULD DISREGARD PENN NATIONAL'S ARGUMENTS ON ISSUES THAT WERE ALREADY FULLY BRIEFED. ................................................................................................10

CONCLUSION ......................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.,
   800 F.2d 339 (3d Cir. 1986) ................................................................................8

Eagle Star Ins. Co. v. Arrowood Indem. Co.,
   No. 13-cv-3410, 2013 U.S. Dist. LEXIS 135869 (S.D.N.Y. Sept. 23, 2013) ...........9

Global Reins. Corp. v. Argonaut, Ins. Co.,
   No. 07-cv-8196, 2008 U.S. Dist. LEXIS 32419 (S.D.N.Y. Apr. 18, 2008) ..............9

In re Cendant Corp.,
   260 F.3d 183 (3d Cir. 2001) ................................................................................8

Leucadia, Inc. v. Applied Extrusion Techs., Inc.,
   998 F.2d 157 (3d Cir. 1993) ................................................................................7

Nixon v. Warner Commc'ns, Inc.,
   435 U.S. 589 (1978) ............................................................................................7

Pansy v. Borough of Stroudsburg,
   23 F.3d 772 (3d Cir. 1994) ...............................................................................7, 8

Publicker Indus., Inc. v. Cohen,
   733 F.2d 1059 (3d Cir. 1984) ..............................................................................8

# **PRELIMINARY STATEMENT**

Everest Reinsurance Company ("Everest") submits this memorandum of law in response to the motion by Pennsylvania National Mutual Casualty Insurance Company ("Penn National") to seal Exhibits A, E, F, G, and H to Everest's opposition to the petition to compel arbitration filed by Penn National. That motion to seal was filed on January 25, 2019 as ECF Document No. 40 in Case No. 1:18-mc-00653-JEJ.

This action arises out of a dispute between Penn National and its reinsurers regarding reinsurance coverage for lead paint losses arising in the Baltimore, Maryland area (the "Lead Paint Losses"). The agreements between Penn National and its reinsurers include the same, broad arbitration provision that contains a mandatory consolidation clause under which "all" reinsurers involved in a dispute "shall" constitute and act as one arbitral party.

Everest and Penn National have each filed with this Court competing petitions to compel arbitration, which are pending as a consolidated matter under Case No. 1:18-mc-00653-JEJ. Everest's Petition seeks to compel Penn National to respond to an application pending before an existing panel of three arbitrators (the "First Panel") that was convened to adjudicate the dispute over the Lead Paint Losses. Everest's application seeks to have the First Panel continue arbitration proceedings to address the aspect of that dispute that concerns Penn National's

billings to Everest for the Lead Paint Losses. Penn National has filed its own petition that seeks to deprive Everest of the benefit of the mandatory consolidation provision by requiring the parties to start a separate arbitration before a new, not-yet-constituted panel.

Penn National's present motion to seal is one of five such motions it has filed to shield an array of documents from its dispute with reinsurers over coverage for the Lead Paint Losses, using the sealing process to undermine the mandatory consolidation clause and to seek the appointment of multiple arbitration panels to rule on that dispute.[1]

With this motion, Penn National also attempts to mislead the Court with the false assertion that Everest filed the set of exhibits at issue in this motion "with knowledge that they are the subject of a pending [January 9, 2019] motion to seal (Doc. 26)." In truth, the earlier motion to seal to which Penn National refers (Doc. No. 26 in Case No. 1:18-mc-00653-JEJ) was served on Everest **after** Everest filed the exhibits (Doc. No. 22-1 in Case No. 1:18-mc-00653-JEJ). Notably, Penn National waited nearly two months after the set of exhibits was first publicly filed before it moved to seal them on January 9, 2019.

---

[1] Penn National's first motion to seal was filed in this Court under Case No. 1:18-mc-00278 with a petition to confirm an award issued by the First Panel. Everest has moved to intervene in that case for the purpose of unsealing the award and other documents filed therein. The other three motions to unseal are Document Nos. 3, 24, and 26 under Case No. 1:18-mc-00653.

As with its prior motions to seal, Penn National fails to demonstrate that continued disclosure of Exhibits A, E, F, G, and H will cause a clearly defined and serious injury in this instance. Accordingly, its motion to seal should be denied.

## FACTUAL BACKGROUND

### A. The Reinsurance Treaties and Penn National's Breach of the Mandatory Consolidation Clause

This matter arises out of a series of reinsurance agreements (the "Treaties") between Penn National and several reinsurance companies, including Everest. Each of the Treaties includes the same, broad arbitration clause with the mandatory consolidation provision under which "<u>all</u>" reinsurers involved in a dispute "<u>shall</u>" constitute and act as one arbitral party.

A dispute has arisen between Penn National and its reinsurers regarding reinsurance coverage for the Lead Paint Losses. In 2014, Penn National sent Everest and other reinsurers bills requesting payment under the Treaties for the Lead Paint Losses. Many reinsurers, including Everest, disputed those bills and refused to pay them. Thereafter, Penn National participated in arbitration concerning the dispute over the Lead Paint Losses with two of its reinsurers, New England Reinsurance Corporation and Hartford Fire Insurance Company, before the First Panel. Under the mandatory consolidation clause contained in the Treaties, Everest was <u>required</u> to be -- but was not -- included as a party in those arbitration proceedings before the First Panel.

In April 2018, Penn National petitioned this Court (under Case No. 1:18-mc-00278-JEJ, hereinafter the "Confirmation Action") to confirm an award issued by the First Panel on March 17, 2018. Penn National obtained an order sealing documents in the Confirmation Action, including the award, before it withdrew its petition to confirm the award on May 3, 2018. Penn National never notified Everest of the existence of the arbitration, the award, or its petition to confirm.

### B. The Competing Petitions to Compel Arbitration Filed by Penn National and Everest

On May 16, 2018, less than two weeks after withdrawing its petition to confirm the First Panel's award, and just two months after the award was issued, Penn National purported to demand a new, separate arbitration against Everest to recover its billings for the same Lead Paint Losses under the same Treaties.

In November 2018, Penn National and Everest filed competing petitions to compel arbitration, which are pending as a consolidated matter under Case No. 1:18-mc-00653-JEJ. Those petitions are the mirror image of each other, with one critical difference. As set forth in detail in Everest's Memorandum of Law in Support of Its Petition, Everest seeks to compel Penn National to continue its arbitration before the First Panel pursuant to the terms of the mandatory consolidation provision in the arbitration agreement between Penn National and its reinsurers, whereas Penn National seeks to obtain another bite of the arbitration apple by starting anew before a different, not-yet-constituted panel, in direct

contravention of the mandatory consolidation clause.

On January 9, 2019, each party filed its opposition to the other's petition and, on January 25, 2019, the parties filed their respective replies in further support of their petitions. With the submission of the parties' reply papers, the competing petitions have been fully briefed.

### C. Everest's Motion to Unseal the Exhibits that Penn National Filed in the Confirmation Action

On January 22, 2019, Everest filed a motion to intervene in the Confirmation Action to request an order unsealing the arbitration award and the treaties filed under seal in that action. Everest filed that motion because it needs those documents to further support its opposition to Penn National's attempt to compel Everest to arbitrate before a new, second panel, and because Everest should have been included as a party to the earlier proceedings before the First Panel.

Penn National continues to seek relief from the Court based on characterizations by its counsel regarding the proceedings before the First Panel, the treaties at issue in those proceedings, and the award issued by the First Panel. Despite this, Penn National has not provided the award to the Court or to Everest. The Statement of Justification that Penn National submitted with a prior motion to seal recognized that Everest will need to be provided with documents from the prior arbitration proceedings before the First Panel. Specifically, Penn National admitted that the issues before the Court "will necessarily require some

confidential Arbitration Information relating to the prior arbitration [to] be presented to the Court in this matter." Penn National's Statement of Justification for Sealing Order, dated November 13, 2018 (Case No. 1:18-mc-00653-JEJ, ECF Doc. No. 3-1) at ¶ 11. Notwithstanding that admission, Penn National has not provided Everest with the award and the reinsurance treaties for which Penn National obtained a sealing order in the Confirmation Action.

> D. **Everest's Filing of the Exhibits to Its Opposition Papers and Penn National's Motion to Seal those Exhibits**

The instant motion to seal concerns Exhibits A, E, F, G, and H that accompanied Everest opposition to Penn National's petition to compel arbitration. Those opposition exhibits, filed on January 9, 2019, exactly match the Exhibits A, E, F, G, and H that were first publicly filed on November 14, 2018 with Everest's petition to compel arbitration. Penn National did not move to seal either set of exhibits until January 9, 2019, nearly two months after they were first publicly filed.

In its Statement of Justification filed with the present motion, Penn National makes the demonstrably false assertion that Everest filed Exhibits A, E, F, G, and H for the second time, as exhibits to its opposition papers, "with knowledge that they are the subject of a pending motion to seal (Doc. 26) [filed on January 9, 2019]." Statement of Jurisdiction at 1 n.1. Penn National also misleadingly states that it filed that the January 9, 2019 motion to seal and that "subsequently" Everest

filed its opposition papers, including the exhibits that are the subject of this motion. Statement of Justification at ¶¶ 17-18.[2]

The fact is that Everest electronically filed Exhibits A–H to its opposition papers on January 9, 2019 (as Document No. 22-1) <u>before</u> being served with Penn National's January 9, 2019 motion to seal (designated as Document No. 26). <u>See</u> Certification of Jeffrey S. Leonard dated February 8, 2019, Exhs. A, B, C. Penn National served its motion to seal Exhibits A, E, F, G, and H on Everest by E-mail at 5:33 PM on January 9, 2019, more than an hour <u>after</u> Everest electronically filed the exhibits and other opposition papers at 4:30 PM on that date. <u>See</u> <u>id.</u>, Exhs. A, C.[3]

## LEGAL ANALYSIS

### I. STANDARD FOR MOTION TO SEAL

There is a "presumption of public access" to court proceedings and documents filed in the courts of the United States. <u>See</u> <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 (1978); <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 780-81 (3d Cir. 1994); <u>Leucadia, Inc. v. Applied Extrusion Techs., Inc.</u>, 998 F.2d 157, 162 (3d Cir. 1993). To rebut the right of access, a party must

---

[2]Penn National's Statement of Justification includes two paragraphs labeled as "18."

[3]Penn National's motion to seal was not entered on the docket until January 10, 2018. <u>See</u> <u>id.</u>, Ex. B.

7

demonstrate that (i) the records it wishes to block from public view are "the kind of information that courts will protect," and that (ii) "disclosure will work a clearly defined and serious injury to the party seeking closure." In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (citations omitted); see also Pansy, 23 F.3d at 786; Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). A party resisting disclosure must make a particularized showing of a clearly defined and serious injury to establish a need for confidentiality. See Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 346 (3d Cir. 1986).

## II. PENN NATIONAL HAS NOT MET ITS BURDEN

As with its prior motions to seal, Penn National fails to satisfy its burden to show that Exhibits A, E, F, G and H must be sealed. Specifically, Penn National has not made the required particularized showing of how continued disclosure of those exhibits, which have been available on the public docket since November 14, 2018, "will work a clearly defined and serious injury to the party seeking closure." In re Cendant Corp., 260 F.3d at 194.

Penn National argues that Everest's July 27, 2018 letter to the First Panel (Exhibit F to Everest's opposition) "recognized that a confidentiality agreement existed in the arbitration involving [Hartford and NERCO] and specifically asked the disbanded panel to treat its application 'confidentially.'" Statement of Justification at ¶ 34. First, there is no basis for Penn National's mischaracterization

8

of the First Panel as "disbanded." See Everest's Reply Brief, dated January 25, 2019, at Point II.

Second, Penn National recognizes that Everest filed with the Court the parties' letters to the First Panel in order "to establish its right to compel Penn National to arbitrate the parties' dispute." Statement of Justification at ¶ 37. While Everest was willing to treat these documents as confidential before the First Panel, Penn National's refusal to respond to Everest's application to that Panel forced Everest to seek relief from the Court, necessitating the filing of the exhibits that are now subject to scrutiny as judicial documents.

These filed documents are at the heart of the issues presented by Everest's Petition and are, therefore, subject to the right of access. See Global Reins. Corp. v. Argonaut, Ins. Co., No. 07-cv-8196, 2008 U.S. Dist. LEXIS 32419, at *4 (S.D.N.Y. Apr. 18, 2008) (holding that where a document is "at the heart of what the Court is asked to act upon," it is a judicial document to which the right of access applies). Further, Everest's recognition of the Penn National-Hartford-NERCO confidentiality agreement is insufficient to justify the sealing of documents filed with the Court. See Eagle Star Ins. Co. v. Arrowood Indem. Co., No. 13-cv-3410, 2013 U.S. Dist. LEXIS 135869, *8-9 (S.D.N.Y. Sept. 23, 2013) (explaining that the mere existence of a confidentiality agreement is insufficient to demonstrate that sealing is necessary to avoid clearly defined and serious injury).

Beyond this, Penn National asserts only that "the Treaty excerpts and correspondence that Everest has filed on the docket contain sensitive and proprietary information regarding the nature and structure of the parties' business relationship …." Statement of Justification at ¶ 28. This conclusory assertion is insufficient to meet Penn National's burden here. In addition, the fact that Penn National waited nearly two months before it first moved to seal Exhibits A, E, F, G, and H belies any suggestion that their continued public disclosure presents the level of "clearly defined and serious injury" that must be show in order to justify a sealing order. In sum, Penn National has not met the standard required to obtain a sealing order in this case.

### III. THE COURT SHOULD DISREGARD PENN NATIONAL'S ARGUMENTS ON ISSUES THAT WERE ALREADY FULLY BRIEFED

In its present motion to seal, Penn National continues to argue the merits of the parties' respective petitions, introducing yet another conclusory and legally meaningless term by dubbing the First Panel as "the Former Panel." See, e.g., Statement of Jurisdiction at ¶ 6. Penn National also continues to argue that the First Panel is "disbanded," that it "never had jurisdiction over Penn National's claims against Everest," and that it "no longer has authority to act in any capacity …." See id. at ¶¶ 6, 34.

As Everest explained in Point II of its Reply Brief in Further Support of its

Petition, these buzzwords carry no legal significance: the First Panel has jurisdiction to rule on its own authority and on consolidation. Penn National has cited no support for its claim that the First Panel is without authority to consider Everest's pending application to continue arbitration proceedings concerning the Lead Paint Losses. Penn National does not dispute that, under the controlling *functus officio* doctrine, the First Panel has authority to rule on its own jurisdiction and on the application of the mandatory consolidation clause. It makes no attempt to identify some other jurisdictional test that addresses the scope of the First Panel's authority.

No weight should be given to Penn National's attempt to continue to argue the issue of whether the First Panel has jurisdiction to hear Everest's consolidation application now that this issue has been fully briefed. Further, now that briefing on the petitions is complete, Penn National cannot, in its reply for the instant motion or in any other submission to the Court, attempt to belatedly identify support for its buzzwords or its unsupported argument concerning the First Panel's authority to rule on its own jurisdiction and on the application of the consolidation clause.

## CONCLUSION

For the reasons set forth herein, Everest does not believe that Penn National has made the showing required for an order sealing Exhibits A, E, F, G, and H submitted with Everest's opposition to Penn National's petition to compel arbitration.

Dated: February 8, 2019          Respectfully submitted,

SAIBER LLC

By:   /s/ *Jeffrey S. Leonard*
      Jeffrey S. Leonard   (NJ 031161993)
      jleonard@saiber.com
      (Admitted pro hac vice)

      Joseph J. Schiavone (NJ 012761989)
      jschiavone@saiber.com
      (Admitted pro hac vice)

      Marc E. Wolin    (PA 65437)
      mwolin@saiber.com

      18 Columbia Turnpike, Suite 200
      Florham Park, New Jersey 07932
      Tel. 973-622-3333
      Fax 973-622-3349
      Attorneys for Petitioner-Respondent
      Everest Reinsurance Company

1362016.DOCX

# **CERTIFICATION OF COMPLIANCE WITH M.D.Pa. LOCAL RULE 7.8(b)**

I, Jeffrey S. Leonard, Esq., hereby certify as follows:

1. Pursuant to Local Rule 7.8(b)(2) for the United States District Court for the Middle District of Pennsylvania, this brief complies with the word count-limitation of M.D.Pa. Local Rule 7.8(b)(2) because this brief contains 2,639 words (including body of the brief and footnotes, but excluding the cover, tables, and signature block) in a proportionally spaced typeface (Times New Roman) 14-point size. This calculation sum was provided by the Microsoft Word processing system word count function.

I certify under penalty of perjury that the foregoing is true and correct. Executed on February 8, 2019.

                                            /s/ *Jeffrey S. Leonard*
                                            JEFFREY S. LEONARD

# CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, I caused a true and correct copy of Everest Reinsurance Company's Response to Pennsylvania National Mutual Casualty Insurance Company's Motion to Seal Documents Accompanying Everest Reinsurance Company's Brief in Opposition to Petition to Compel Arbitration to be served upon the following through ECF filing:

>Matthew M. Haar, Esq.
>K. Wesley Mishoe, Esq.
>Saul Ewing Arnstein & Lehr LLP
>2 N. Second Street, 7th Floor
>Harrisburg, PA 17101
>
>Paul M. Hummer, Esq.
>Saul Ewing Arnstein & Lehr LLP
>1500 Market Street, 38th Floor
>Philadelphia, PA 19102
>
>*Attorneys for Respondent-Petitioner*
>*Pennsylvania National Mutual*
>*Casualty Insurance Company*

Dated: February 8, 2019        /s/ *Jeffrey S. Leonard*
       JEFFREY S. LEONARD