IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, : : : Petitioner, : : v. : : EVEREST REINSURANCE COMPANY, : f/k/a Prudential Reinsurance Company, : : Respondent. : | : : : : : No. 1:18-mc-00653-JEJ : : : : : : : Electronically Filed |

**PENN NATIONAL'S REPLY BRIEF IN SUPPORT
OF ITS MOTION TO SEAL CONFIDENTIAL DOCUMENTS ATTACHED
TO EVEREST'S BRIEF IN OPPOSITION TO PENN NATIONAL'S
PETITION TO COMPEL ARBITRATION**

Penn National files this Reply Brief in support of its Motion to Seal Confidential Documents (Doc. 40) which are attached to Everest's Brief in Opposition to Penn National's Petition to Compel Arbitration (Doc. 21).

**I.    Argument**

Everest asserts that Penn National has not satisfied its burden of demonstrating why the documents submitted in support of its petition to compel arbitration should be sealed. (Everest Brief (Doc. 50) at pp. 8-10.) Everest does not even attempt to counter Penn National's point-by-point explanation as to why the Motion should be granted. Likewise, Everest makes no attempt to explain why a case like *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 592 F.Supp.2d

34248143.2 02/22/2019

825, 827 (E.D. Pa. 2009), which Penn National cited in its Statement of Justification, is not persuasive authority.

Everest fails to offer any explanation as to why it has any interest in the documents being unsealed, when Everest clearly already has the documents. Everest's focus does not appear to be on preventing any harm to itself, but rather inflicting harm on Penn National, its cedent. Penn National has never waived its right to the confidentiality of any document or any claim thereto. Everest cannot waive or negate the confidentiality of the documents or Penn National's rights by unilaterally filing documents which Penn National reasonably believes to be confidential and ought to be kept under seal. Everest's actions cannot and should not prevent any such documents, including the ones at issue in this Motion to Seal, from being kept under seal.

Everest misconstrues the sequence of requests for sealing and their significance. When Penn National filed its Motion to Compel Arbitration (Doc. 1), it contemporaneously filed a Motion to Seal Confidential Documents (Doc. 3). When Everest filed its Motion to Compel Arbitration (Doc. 31) a day after Penn National, Everest arguably did not know that Penn National filed its exhibits under seal. Up to that point Everest had acknowledged the confidentiality of the information exchanged in arbitration and indeed asked that its own submissions be

treated as confidential.[1]  For Everest to file opposition to sealing arbitration information is stunning since, as discussed more fully below, it has sought and received sealing orders in other similar reinsurance disputes.  Regardless, Everest knew based on Penn National's November 14, 2018 Motion to Seal that it regarded the underlying arbitration documents as confidential, and Everest's repeated public filing of confidential documents is an inappropriate effort to undermine the standard protections of confidentiality in private arbitrations.

Everest's current position conflicts with the position that it has taken in other similar litigation.  Everest has previously requested and obtained the sealing of records relating to confidential reinsurance arbitrations.  In *Everest Reinsurance Company v. Mutual of Enumclaw Insurance Company*, 2007 WL 4889350 (W.D. Wash. Jul. 27, 2007),[2] Everest sought and <u>received</u> a sealing order for arbitration information.  Similarly, Everest sought and <u>received</u> a sealing order of arbitration information in *OneBeacon Insurance Company v. Everest Reinsurance Company*, No. 1:17-cv-10751 (D. Mass. May 16, 2017).[3]  The same counsel for Everest that now urges this Court to make publicly available documents from its private dispute with Penn National argued the exact opposite in the *OneBeacon* matter.  Indeed, in

---

[1]  Everest's counsel, in their July 27, 2018, letter to the Hartford Panel, stated "[w]e understand that there is a confidentiality agreement in this Arbitration and ask that this application be treated confidentially."  (Doc. 22-1 p. 30).
[2]  A copy of the *Enumclaw* decision is attached hereto as Exhibit A.
[3]  A copy of the text order in the *OneBeacon* matter granting Everest's motion to seal is attached hereto as Exhibit B.

the *OneBeacon* matter, Everest went beyond requesting that documents be sealed and argued that the parties should be prevented even from discussing them in publicly filed documents, asking that the court require "each party to redact from all publicly filed documents any discussion of the contents of the Final Award."[4] Exh. C. p. 1.

Everest argued in *OneBeacon* that "[a] hallmark of reinsurance arbitrations is that they are confidential proceedings" and that "[c]onfidentiality is an integral aspect of reinsurance arbitrations and is one of the reasons that parties opt for arbitration as the forum for resolving their contractual disputes." Exh. D. at p. 7. In obtaining the sealing order in *OneBeacon*, Everest cited as supportive excerpts from three publications on reinsurance: 1) Section 14.03 of Modern Reinsurance Law and Practice by Barry R. Ostrager and Mary Kay Vyskocil (3d. ed. 2014) ; 2) Section 3.8 the ARIAS-US Practical Guide to Reinsurance Arbitration Procedure (2004 rev. ed.) ; and 3) Section 22:6 of Law of Reinsurance by Graydon S. Starling and Hon. Dean Hansell (2017 ed.). Everest cited the publications for the premise that reinsurance arbitration documents should be confidential. To the extent those sources supported sealing orders in the prior matters, they do so in this matter as well, irrespective of the fact that Everest now seeks a different result.

---

[4] Copies of Everest's motion and brief in the *OneBeacon* matter are attached hereto as Exhibits C and D respectively.

In sum, Everest has not overcome Penn National's demonstration of good cause, and the Court, therefore, should keep the documents at issue under seal.

**II.     Conclusion**

Penn National respectfully submits that the Court should grant Penn National's Motion to Seal (Doc. 40) and enter an appropriate order.

Respectfully submitted,

Dated:  February 22, 2019

/s/ Matthew M. Haar
Matthew M. Haar, Esq. (85688)
K. Wesley Mishoe, Esq. (321983)
Saul Ewing Arnstein & Lehr LLP
2 North 2nd Street, 7th Floor
Harrisburg, Pennsylvania 17101
matt.haar@saul.com – (717) 257-7508
wes.mishoe@saul.com – (717) 257-7555

Paul M. Hummer, Esq. (46413)
Saul Ewing Arnstein & Lehr LLP
1500 Market Street, 38th Floor
Philadelphia, PA  19102
paul.hummer@saul.com – 215-972-7788

*Attorneys for Petitioner*
*Pennsylvania National Mutual*
*Casualty Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, I served a true and correct copy of the foregoing *Reply Brief* upon the following through ECF filing:

>Marc E. Wolin, Esq.
>Joseph J. Schiavone, Esq.
>Jeffrey S. Leonard, Esq.
>Saiber LLC
>18 Columbia Turnpike, Suite 200
>Florham Park, NJ  07932

Dated:  February 22, 2019     /s/ Matthew M. Haar
                              Matthew M. Haar