# Exhibit A

2007 WL 4889350 (W.D.Wash.) (Trial Motion, Memorandum and Affidavit)
United States District Court, W.D. Washington.

EVEREST REINSURANCE COMPANY, Petitioner,

v.

MUTUAL OF ENUMCLAW INSURANCE COMPANY, Respondent.

No. C07-1172RSM.
July 27, 2007.

**Motion to Seal Petition and Application to Confirm Arbitral Award, Declaration and Judgment**

Ogden Murphy Wallace, P.L.L.C., Robert G. André, WSBA #13072, E. Ross Farr, WSBA #32037, 1601 Fifth Avenue, Suite 2100, Seattle, Washington 98101-1686, Tel: 206.447.7000/Fax: 206.447.0215, Attorneys for Petitioner.

NOTE ON MOTION CALENDAR: AUGUST 31, 2007

## 1. INTRODUCTION AND REQUEST FOR RELIEF

Petitioner Everest Reinsurance Company ("Everest") submits this Motion Memorandum to Seal its Petition and Motion to Confirm Arbitral Award, the Declaration in Support of the Motion to Confirm Arbitral Award, and the proposed Order Confirming the Arbitral Award, filed herewith.

The facts here justify sealing the record because they "overcome the strong presumption in favor of public access." Local Civil Rule 5(g)(2). The parties engaged in a private arbitration, and the only matter before this court is a request to confirm the arbitration award pursuant to 9 U.S.C § 9. The arbitration panel relied on the confidential nature of the arbitration information and entered into a strict Confidentiality Agreement. Furthermore, the particular facts and documents disclosed in a reinsurance arbitration require confidentiality. The public's interest in this matter is minimal, while the parties' interest in confidentiality is great, as is the public interest of encouraging private arbitration. Respondent Mutual of Enumclaw Insurance Company ("Enumclaw") will not oppose sealing this matter. Therefore, Everest respectfully requests that this Court enter an order sealing this matter.

## II. STATEMENT OF FACTS

Everest and Enumclaw are parties to various Comprehensive Excess of Loss Reinsurance Agreements ("Treaties") under which Everest reinsures Enumclaw. Each of the contracts contains an Arbitration Clause. Enumclaw and Everest engaged in private arbitration to resolve a dispute regarding Enumclaw's cession of certain losses under the Treaties. Everest now files with the present motion a Petition and Motion to Confirm an Arbitral Award issued by an arbitration panel, with the required supporting documents.

The dispute between the parties involved issues related to Enumclaw's cession of certain construction defect losses to its reinsurer, Everest, pursuant to the Treaties. Everest declined payment of certain claims and Enumclaw demanded arbitration on February 21, 2005 ("Arbitration"). In accordance with the Arbitration Clause contained in the Treaties, the parties 2 appointed a Panel of arbitrators consisting of Peter F. Malloy, James P. White and William J. Gilmartin, Jr. (who died during the arbitration and was replaced on January 24, 2006 by John J. 25 ff) ("Panel"),

The Panel held an organizational meeting on July 14, 2005 to discuss the case schedule and other matters related to the Arbitration. *See* Affidavit of Vincent Proto ("Proto Affidavit"), Exhibit A. As part of that discussion, the Panel and the parties agreed to execute a Confidentiality Agreement ("Agreement") that would require all "Arbitration Information" to be kept confidential. *See* Proto Affidavit, Exhibit B. The umpire, Mr. Malloy, requested that both parties and members of the Panel stipulate for the record that the parties and the Panel would treat everything confidentially pursuant to the Agreement. *See* Proto Affidavit, Exhibit A, p. 14:4-6. Everyone so stipulated. Mr. Malloy also requested that Greg Simon, counsel for Enumclaw, circulate the Agreement by mail for the parties and the Panel to sign. *See* Proto Affidavit, Exhibit A, p. 14:23-24.

On August 1, 2005, Mr. Simon sent a copy of the final draft Agreement to Mr. Proto for review and approval. *See* Proto Affidavit, Exhibit C. Mr. Proto responded to Mr. Simon in an e-mail dated August 10, 2005, advising Mr. Simon that the wording was acceptable and requested that he circulate the Agreement as previously requested by the Panel, *See* Proto Affidavit, Exhibit D.

Mr. Simon circulated the Confidentiality Agreement for execution. *See* Proto Affidavit, Exhibits C and D. Mr. Simon and Mr. Proto have made diligent efforts to locate an executed copy of the Agreement at their off-site facilities, without success. *See* Proto Affidavit, ¶7. Consistent with the statements reflected in the exhibits attached to the Proto Affidavit, the parties and the Panel were in complete agreement with respect to the wording of the Agreement and their intent to be bound by same. *See* Proto Affidavit, ¶7. Therefore, as agreed by the parties, the Arbitration was a private proceeding in which all matters related to the Arbitration remained confidential pursuant to the terms and conditions of the Agreement. *See* Proto Affidavit, ¶8.

The Arbitration was conducted pursuant to this strict Confidentiality Agreement executed by the Panel and the parties, which remains in effect. *See* Proto Affidavit. The Agreement provides that all information and documents generated or produced in the Arbitration are confidential, and requires that, subject to court approval, any disclosures of such information or documents to a court be sealed. *See* Proto Affidavit, Exhibit B at ¶3. The Agreement not only requires that information and documents relating to the Arhitration remain confidential, but it expressly found that "serious injury" could result from any breach of confidentiality and provided a remedy for such a breach:

> The parties recognize that serious injury could result to any party and its business if the other party breaches its obligation under this Agreement. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity.

Proto Affidavit, Exhibit B at ¶6.

The Agreement obligates the parties to maintain the confidentiality of arbitration information and documents, and requires that, subject to court approval, any such documents or information disclosed to a court be sealed. *See* Proto Affidavit, Exhibit B at ¶3. Further, the parties are directed by the Agreement to "cooperate with each other in resisting or limiting disclosure of Arbitration Information." *Id.* In fact, counsel for Enumclaw has represented to counsel for Everest that Enumclaw fully supports the sealing of the confirmation of the arbitration award and the supporting documents.

### III. *EVIDENCE RELIED UPON*

1. The Affidavit of Vincent J. Proto, filed herewith, which includes the following exhibits:

EXHIBIT A: Transcript of Organization Meeting dated July 14, 2005;

EXHIBIT B: Confidentiality Agreement;

EXHIBIT C: Letter from Gregory J. Simon to Vincent I. Proto, dated August 1, 2005, with attachments;

EXHIBIT D: E-mail correspondence from Vincent J. Proto to Gregory J. Simon, dated August 10, 2005.

### IV. ISSUE PRESENTED

Whether the Petition to Confirm Arbitral Award, Motion to Confirm Arbitral Award, the Declaration of Vincent J. Proto in Support of the Motion to Confirm Arbitral Award and the proposed Order Confirming the Arbitral Award should be sealed.

### V. ARGUMENT AND AUTHORITY

This Court seals files and records upon a "clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access." Local Civil Rule 5(g)(2). The Court has discretion to seal records and files. *Equal Employment Opportunity Commission v. Erection Company, Inc.*, 900 F.2d 168, 170 (1990). A ruling to seal will be upheld when the court articulates sufficient reasons for articulating the strong presumption of public access. *See Id.* Courts look to the " 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.' " *Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*, 340 F.Supp.2d 1118 (D.Or. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Here, the public interest in private arbitration is negligible and filing the Petition and Application to Confirm the Arbitral Award, the supporting Declaration, and the Order Confirming the Arbitral Award without sealing them risks exposing proprietary information to competitors. Therefore, more than sufficient facts exist in the present case to overcome this presumption of public access and to justify sealing this matter.

**A. The Parties are Required to File the Arbitration Award Under Seal Pursuant to the Confidentiality Agreement.**

The Confidentiality Agreement executed by the parties and the Panel expressly provides that "subject to court approval ... all submission of Arbitration Information to a court shall be sealed." Proto Affidavit, Exhibit B at ¶ 3. Of course, this Court has the ultimate authority to seal the documents in question, but courts generally uphold and apply parties' confidentiality agreements in the arbitration context, recognizing that the maintenance of confidentiality advances the important public policy interest in encouraging alternative dispute resolution. Other district courts have persuasively ruled that "[t]here are important policy interest [sic] involved in protecting the expectations of confidentiality belonging to parties who have chosen an alternative means of dispute resolution," *Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc.*, 2005 WL 1522783, at *3 (E.D.N.Y. June 28, 2005) (attached hereto). The Second Circuit has further explained that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004).

These principles apply with even greater force where, as here, the requirement of confidentiality was imposed by an arbitration panel because of the deference that a court must afford to the arbitrators' rulings. *See Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003) (To interfere with arbitration process "would frustrate the intent of the parties, and thwart the usefulness of arbitration).

### B. *The Public Has No Interest in These Proceedings. and Everest and/or Enumclaw Would be Harmed by Disclosure of Arbitration Information.*

The documents filed in this action contain confidential and proprietary information concerning agreements between an insurer and its insureds and between a reinsurer and its reinsured. Given the private nature of the proceedings, the public has no legitimate interest in these documents. Reinsurance arbitrations generally are conducted on a confidential basis; that is one of the reasons why most reinsurance contracts contain arbitration clauses and why most reinsurance disputes are resolved in arbitration rather than through the courts. The Panel in the present matter recognized these realities when it executed a strict Confidentiality Agreement governing the Arbitration.

The Parties have taken positions and produced confidential and protected business documents that only were disclosed due to the confidential nature of the proceedings. In disclosing the documents, the parties had the expectation that information would not be disclosed to the public.

Further, Enumclaw and/or Everest could be injured if the public, including other reinsureds or reinsurers, have access to the confidential business information contained in the documents. Public disclosure of these materials could be used against the parties. For example, these documents include confidential information concerning Comprehensive Excess of Loss Reinsurance Agreements between the parties and the Panel's interpretation of the Treaties' terms and conditions. The documents also contain confidential information with respect to Everest's declination to pay numerous construction defect claims ceded by Enumclaw. Because Everest negotiates reinsurance agreements with other reinsureds, the release of any of these documents would compromise those negotiations, causing injury to Everest. Furthermore, Enumclaw could suffer injury in dealing with construction defect claims in Washington, either as to the defense of its insureds or settlement of coverage disputes with its insureds.

### VI. *CONCLUSION*

For the foregoing reasons, the Court should order the sealing of all pleadings and papers in this action.

DATED this 27th day of July, 2007.

OGDEN MURPHY WALLACE, P.L.L.C.

By <<signature>>

Robert G. Andre, WSBA #13072

E. Ross Farr, WSBA #32037

1601 Fifth Avenue, Suite 2100

Seattle, Washington 98101-1686

Tel: 206.447.7000/Fax: 206.447.0215

Attorneys for Petitioner

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.