# Exhibit D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ONEBEACON INSURANCE COMPANY, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> EVEREST REINSURANCE COMPANY, : <br> : <br> Respondent. : <br> : | Civ. Action No. 1:17-cv-10751 |

**MEMORANDUM IN SUPPORT OF EVEREST'S MOTION TO
IMPOUND AND SEAL CERTAIN ARBITRATION INFORMATION**

Pursuant to Local Rule 7.2, respondent Everest Reinsurance Company ("Everest") submits this Memorandum in support of its motion to impound and seal certain Arbitration Information expected to be submitted to the Court in connection with the petition of petitioner OneBeacon Insurance Company ("OneBeacon") to confirm an arbitration award. Everest respectfully requests that the Court order that the following documents be sealed and impounded: (a) the Final Award dated February 14, 2017 ("Final Award"); (b) the Ruling on Motion for Clarification of the Final Award dated April 13, 2017 ("Clarification Order"); and (c) any unredacted filing in this action discussing the contents of those two documents. Everest further respectfully requests that the Court order each party to redact from any publicly filed documents any discussion of the contents of the Final Award and the Clarification Order.

As set forth below, there is good cause for the Court to grant Everest's motion and to impound and seal the Final Award and the Clarification Order. These documents pertain to a confidential reinsurance arbitration between OneBeacon and Everest and are subject to a Confidentiality Order issued by the arbitration panel that remains in effect. That Confidentiality Order provides that, subject to the Court's approval, the submission of Arbitration Information, which includes the Final Award and the Clarification Order, be sealed. Impounding and sealing is necessary to prevent injury to Everest that could result if these documents were publicly available.

## BACKGROUND

### The Confidential Reinsurance Arbitration

Everest reinsured OneBeacon under certain reinsurance agreements: (a) the Multiple Line Reinsurance Treaty, in effect from January 1, 1973 to January 1, 1980; and (b) the Casualty Excess of Loss Treaty in effect from January 1, 1980 to January 1, 1984 (collectively, the "Treaties"). Affidavit of Stephen H. Martin, sworn to on April 27, 2017 ("Martin Aff."), ¶ 1. The Treaties contain arbitration clauses.

By letter dated February 13, 2015, OneBeacon demanded arbitration under the Treaties against Everest. Declaration of Jeffrey S. Leonard dated April 27, 2017 ("Leonard Decl."), Id., ¶ 3. Everest subsequently counter-demanded arbitration against OneBeacon under these Treaties. Id., ¶ 4. Pursuant to the arbitration clauses of the Treaties, a three-member arbitration panel (the "Panel") was appointed. Id., ¶ 5.

On April 27, 2016, the Panel entered a Confidentiality Order. Id., Ex. A. The Confidentiality Order provides in relevant part that:

2

all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential.

Id., Ex. A, ¶ 2. This Order remains in effect. Id.

The Confidentiality Order allows for the disclosure of confidential Arbitration Information outside of the arbitration, but only in certain enumerated circumstances. One such circumstance is a court proceeding to confirm, modify, or vacate an arbitration award Id., Ex. A, ¶ 3. However, in the context of such a proceeding (such as the instant one), the Confidentiality Order provides that, "subject to court approval, that all submissions of Arbitration Information to a court shall be sealed." Id.

Under the Confidentiality Order, the parties must seek to seal all filings of Arbitration Information because serious harm could result from the disclosure of confidential Arbitration Information. Indeed, Paragraph 7 of the Confidentiality Order provides that:

> serious injury could result to any party and its business if the other party breaches its obligations under this [Order]. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this agreement, in addition to any other remedies and damages that would be available at law or equity.

Id., Ex. A, ¶ 7.

### The Final Award and the Clarification Order

The Panel delivered its Final Award to the parties on February 14, 2017. Leonard Decl., ¶ 7. On April 13, 2017, the Panel issued the Clarification Order. Id.

3

On April 21, 2017, OneBeacon, through its counsel, notified Everest that it planned to commence proceedings in this Court on April 28, 2017 to confirm the Final Award and the Clarification Order. Id., ¶ 8.

As required by the Confidentiality Order, Everest and OneBeacon conferred to coordinate the filing of this motion with OneBeacon's action to confirm the Final Award and Clarification Order. Id., ¶ 9.

### ARGUMENT

**THE FINAL AWARD AND THE CLARIFICATION ORDER SHOULD BE IMPOUNDED AND SEALED AND THE PARTIES SHOULD BE REQUIRED TO REDACT FROM THEIR PUBLIC FILINGS ANY DISCUSSION OF THE CONTENT OF THESE DOCUMENTS**

The First Circuit has observed that "[t]he decision to seal a judicial document requires a balancing of interests, although the scales tilt decidedly toward transparency." Nat'l Org. for Marriage v. McKee, 649 F.3d 34, 70 (1st Cir. 2011). There is a common law presumption that favors public access to judicial records. Id.; FTC v. Standard Fin. Mgmt., 830 F.2d 404, 408 (1st Cir. 1987). That presumption access can be overcome upon a showing of good cause. See Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc., 2008 U.S. Dist. LEXIS 10542, *7-8 (D. Mass. Feb. 13, 2008). "Good cause" depends on the nature of the filing and requires a showing of the harm that would occur if the court did not permit the document to be filed under seal. Id.; see also Standing Procedural Civil Order of Chief Judge Saris re: Sealing Court Documents, dated May 15, 2015.

As set forth below, good cause exists here to overcome the presumption of public access and to impound and seal (a) the Final Award; (b) the Clarification Order; and (c) any unredacted filing by OneBeacon or Everest in this action that discusses the contents of those documents, and to require the parties to redact from their publicly filed documents any discussion of the contents of the Final Award and the Clarification Order.

As a preliminary matter, the relief sought by Everest to impound and seal certain confidential arbitral documents is not extraordinary. This court and courts in other jurisdictions have granted motions to impound arbitration awards and other information exchanged in the course of a confidential arbitration. E.g. OneBeacon Am. Ins. Co. v. Allstate Ins. Co., No. 1:14-cv-12562-LTS, Electronic Order (D. Mass. June 30, 2014) (Docket No. 18) (granting in part a motion to seal unredacted copies of a petition seeking to confirm a reinsurance arbitration award as well as the supporting memorandum and declaration); Certain Underwriters at Lloyd's London v. Transport Ins. Co., No. 1:15-cv-12313-RWZ, Endorsed Order (D. Mass. July 1, 2015) (Docket No. 8) (granting a motion to impound certain exhibits to a petition confirming the award in a reinsurance arbitration and an unredacted memorandum of law, and ordering that a redacted version of the memorandum appear on the public docket); Century Indem. Co.

v. Certain Underwriters at Lloyd's, London, 592 F. Supp. 2d 825, 828 (E.D. Pa. 2009) (granting a motion to seal a reinsurance arbitration award).[1]

Good cause exists to impound and seal the Final Award and the Clarification Order. These documents are expressly covered by the Confidentiality Order in the arbitration and Everest and OneBeacon are obligated to maintain their confidentiality. Leonard Decl., Ex. A. The parties were also ordered to "make good-faith efforts to limit the extent of the disclosures" of these documents in the event that a party sought to confirm the Final Award. Id., ¶ 3. Impounding and sealing the Final Award and the Clarification Order pursuant to Local Rule 7.2 is the least restrictive means to protect the confidential information.

The Confidentiality Order recognizes that "serious injury" could result if the Final Award and the Clarification Order are not kept confidential. Id., ¶ 6. If the Final Award and the Clarification Order were publicly available, they could be used by reinsureds to seek recoveries against Everest in other arbitrations before different arbitrators selected to preside over different disputes. Martin Aff., ¶ 5. This is contrary to the practice of the reinsurance industry, where arbitration and the awards issued in them are generally not publicly available and are kept confidential. Id., ¶ 4. This means that awards issued in one reinsurance arbitration generally cannot be cited in another arbitration. Id.

---

[1] This Court has also denied motions to seal arbitration awards. E.g. Employers Ins. Co. of Wausau v. First State Ins. Group, No. 1:12-cv-12325-GAO, Docket No. 30 (D. Mass. July 31, 2013) (denying motions to impound reinsurance arbitration information).

The Final Award and the Clarification Order also should be impounded and sealed to preserve the integrity of the reinsurance arbitration process. A hallmark of reinsurance arbitrations is that they are confidential proceedings. Barry R. Ostrager and Mary Kay Vyskocil, Modern Reinsurance Law and Practice, § 14.03[e] (3d. ed. 2014) (Leonard Decl., Ex. B); Practical Guide to Reinsurance Arbitration Procedure § 3.8, ARIAS-US[2] (2004 rev. ed.), cmt. c ("It is generally agreed throughout the industry that reinsurance arbitrations are and should be confidential in most circumstances, even in the absence of a complete agreement") (Leonard Decl., Ex. C). Confidentiality is an integral aspect of reinsurance arbitrations and is one of the reasons that parties opt for arbitration as the forum for resolving their contractual disputes. Graydon S. Staring and Hon. Dean Hansell, Law of Reinsurance, § 22:6[2] (2017 ed.) ("One of the attractions of arbitration in many instances in the possibility of maintaining confidentiality") (Leonard Decl., Ex. D).

Consequently, impounding and sealing the Final Award and the Clarification Order is consistent with and furthers the federal policy to encourage arbitration and other forms of alternative dispute resolution. As stated by the court in Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc., No. 03-CV-0531, 03-CV-1625, 2005 U.S. Dist. LEXIS 32116, *10 (E.D.N.Y. Jun. 28, 2005), "[t]here are important policy interest[s] involved in protecting the expectations of confidentiality belonging to parties who have chosen an alternative means of dispute resolution." This public interest is

---

[2] ARIAS-US is "a not-for-profit corporation that publishes guidelines and best practices for reinsurance arbitrations." Savers Prop. & Cas. Ins. Co. v. Nat'l Union Fire Ins. Co., 748 F.3d 708, 712 (6th Cir. 2014).

embodied in the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Concomitant with this public interest in encouraging alternative dispute resolution is the recognition that the expectations of the parties to arbitrations should be honored and respected. This includes the expectation of confidentiality, providing further cause to impound and seal these arbitral documents.

The interest in preserving this essential attribute of reinsurance arbitrations outweighs the public's slight interest in the results of a dispute involving private reinsurance agreements that do not implicate public issues or entities.

## CONCLUSION

For the foregoing reasons, the Court should grant Everest's motion to impound and seal certain arbitration information, and enter an order providing that:

1. The Final Award, the Clarification Order, and any unredacted filing in this action discussing the contents of those two documents shall be impounded and sealed and not be subject to public disclosure;

2. Each party must redact from all publicly filed documents any discussion of the contents of the Final Award and the Clarification Order; and

3. Everest be granted such other and further relief as the Court deems just and necessary.

Respectfully submitted,

EVEREST REINSURANCE COMPANY

8

By its attorneys,

/s/William J. Fidurko
William J. Fidurko, BBO #567064
Tucker, Saltzman, Dyer & O'Connell, LLP
50 Congress Street, Suite 430
Boston, MA 02109
Tel: (617) 986-6220
Fax: (617) 986-6229
fidurko@tsd-lawfirm.com

BUDD LARNER, P.C.
Joseph J. Schiavone (not admitted in D. Mass.)
Jeffrey S. Leonard (not admitted in D. Mass.)
David I. Satine, Esq. (not admitted in D. Mass.)
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800 (telephone)
(973) 379-7734 (facsimile)

## CERTIFICATE OF SERVICE

I, William J. Fidurko, hereby certify that on April 28, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all parties:

/s/William J. Fidurko