# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSYLVANIA NATIONAL MUTUAL : \
CASUALTY INSURANCE COMPANY,　: \
　　　　　　　　　　　　　　　　: \
　　　　　Petitioner,　　　　　　: \
　　　　　　　　　　　　　　　　: \
　　v.　　　　　　　　　　　　　: No. 1:18-mc-00653-JEJ \
　　　　　　　　　　　　　　　　: \
EVEREST REINSURANCE COMPANY,　: \
f/k/a Prudential Reinsurance Company, : \
　　　　　　　　　　　　　　　　: \
　　　　　Respondent.　　　　　　: Electronically Filed

## PENN NATIONAL'S BRIEF IN OPPOSITION
## TO EVEREST'S MOTION FOR A STAY PENDING APPEAL

Respectfully submitted by:

SAUL EWING ARNSTEIN & LEHR LLP

Matthew M. Haar, Esq. (85688) \
K. Wesley Mishoe, Esq. (321983) \
2 N. Second Street, 7th Floor \
Harrisburg, PA  17101 \
matt.haar@saul.com – 717-257-7508 \
wes.mishoe@saul.com – 717-257-7555

Paul M. Hummer, Esq. (46413) \
1500 Market Street, 38th Floor \
Philadelphia, PA  19102 \
paul.hummer@saul.com – 215-972-7788

## **TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ...................................................................1

II.   COUNTERSTATEMENT OF FACTS AND PROCEDURAL HISTORY ...2

III.  COUNTERSTATEMENT OF QUESTION INVOLVED ............................3

IV.   ARGUMENT.............................................................................................3

      A.    Everest fails to demonstrate a strong showing of the likelihood of success on the merits of its appeal. ....................................................5

      B.    Everest fails to demonstrate that irreparable injury is likely if no stay is entered. ....................................................................................8

      C.    Penn National will be substantially injured if the arbitration is further delayed....................................................................................13

      D.    The public interest does not favor a stay...........................................14

V.    CONCLUSION.........................................................................................15

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*,
   489 F.3d 580 (3d Cir. 2007) ................................................................6

*Cup v. AMPCO Pittsburgh Corporation*, 903 F.3d 58 (3d Cir. 2018) ...................11

*Deon v. Barasch*, No. 17-1454, 2018 WL 6524327 (M.D. Pa. Dec. 12,
   2018) ....................................................................................................5, 6

*Hilton v. Braunskill*, 481 U.S. 770 (1987) ................................................4

*In re Los Angeles Dodgers LLC*, 465 B.R. 18 (D. Del. 2011)..................................7

*In re Revel AC, Inc.*, 802 F.3d 558 (3d Cir. 2015)...........................................passim

*LG Electronics, Inc. v. Wi-LAN USA, Inc.*, 2015 WL 4578537
   (S.D.N.Y. July 29, 2015) ....................................................................14

*Mazera v. Varsity Ford Services, LLC*, No. 07-12970, 2008 WL
   2223907 (E.D. Mich. May 29, 2008)...................................................9

*Nken v. Holder*, 556 U.S. 418 (2009) ................................................4, 13

*PaineWebber Inc. v. Harmann*, 921 F.2d 507 (3d Cir. 1990) ..................................9

*Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017) .......................................5

*Stateside Machinery Co., Ltd. v. Alperin*, 526 F.2d 480 (3d Cir. 1975)...................9

**FEDERAL STATUTES**

Federal Arbitration Act ................................................................7, 14, 15

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL | : |
| CASUALTY INSURANCE COMPANY, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : No. 1:18-mc-00653-JEJ |
| | : |
| EVEREST REINSURANCE COMPANY, | : |
| f/k/a Prudential Reinsurance Company, | : |
| | : |
| Respondent. | : Electronically Filed |

**PENN NATIONAL'S BRIEF IN OPPOSITION
TO EVEREST'S MOTION FOR A STAY PENDING APPEAL**

## I.      PRELIMINARY STATEMENT

Before the Court is a Motion for a Stay Pending Appeal filed by

Respondent, Everest Reinsurance Company f/k/a Prudential Reinsurance Company

("Everest").  (Doc. 57).  Through its Motion, Everest asks the Court to stay the

March 14, 2019 Order (Doc. 53) "to the extent [the Court] granted the Petition of

[Petitioner] Penn National Mutual Casualty Insurance Company [("Penn

National")], pending the appeal from that Order and an Order in a related action."

*Id.* at 1.  (See also Doc. 58 at 6, 7).  Everest does not seek to stay any other Order

(or portions of an Order) issued by this Court, that relate in any way to this action.

Everest fails to demonstrate that a stay of the portion of the Court's March 14,

2019 Order is warranted under any of the four stay factors.  Accordingly, the Court should deny Everest's Motion.

## II.    COUNTERSTATEMENT OF FACTS AND PROCEDURAL HISTORY

The Court is familiar with the background of this case, including its connection with the related action, *Penn National v. New England Reinsurance Corp., et al.*, 1:18-mc-00278 (M.D. Pa.).  This particular action can be summed up as follows:

Penn National was reinsured by Everest from 1991 to 1996.  In November 2018, Penn National and Everest cross-petitioned to compel arbitration of a dispute between them over various reinsurance billings.  The dispute before the Court was narrow and turned on the language in the reinsurance agreements relating to the selection of arbitrators to constitute a panel.  The sole issue in the actions was how the arbitration panel should be constituted.  Both parties had appointed their arbitrators pursuant to the arbitrator selection process in the Treaties, but Everest refused (and still refuses) to proceed with the contractual process for selection of a neutral arbitrator, arguing instead that the arbitration should be conducted before the individuals who formerly served as arbitrators in the now concluded and separate arbitration between Hartford and Penn National.  Everest and Penn National agreed that their underlying dispute is to be decided in arbitration and that the impact (if any) of the Hartford/Penn National arbitration award on the

Everest/Penn National dispute was an issue to be decided by the arbitration panel once constituted, rather than the Court.

On March 14, 2019, the Court, in pertinent part, granted Penn National's Motion to Compel Arbitration. (See Docs. 52 & 53). Thereafter, on April 9, 2019, Everest filed a Notice of Appeal. (Doc. 54). On April 18, 2019, Everest filed its Motion for a Stay Pending Appeal, as to the above-referenced portion of the Court's Order. Contemporaneously with its Motion for a Stay, Everest filed a Brief in Support. (Doc. 58). Penn National files this timely Brief, arguing that because Everest fails to demonstrate that any of the four stay factors justifies the requested relief, the Court should deny Everest's Motion.

## III. COUNTERSTATEMENT OF QUESTION INVOLVED

Question: Should the Court deny Everest's Motion for a Stay Pending Appeal when none of the four stay factors weigh in favor of a stay?

Proposed Answer: Yes.

## IV. ARGUMENT

Everest fails to demonstrate that the four stay factors favor a stay of the portion of the Court's March 14, 2019 Order, (see Doc. 53), granting Penn National's motion to compel arbitration. Indeed, none of the factors, especially the "critical" ones, favor a stay.

With respect to the stay factors, they involve: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see In re Revel AC, Inc.*, 802 F.3d 558, 565, 568-71 (3d Cir. 2015)(listing four factors and discussing how district courts should balance them).[1]

"'The most critical' factors, according to the Supreme Court . . . are the first two . . . . Though both are necessary, the f[irst] is arguably the more important piece of the stay analysis." *Revel*, 802 F.3d at 568 (quoting *Nken v. Holder*, 556

---

[1]    Everest points out that, in *Revel*, the Third Circuit reversed a district court's denial of a motion to stay pending appeal. (Doc. 58 at 10). The case, however, involved a bankruptcy court's sale order. Absent the entry of a stay pending appeal, a federal statute, 11 U.S.C. § 363(m), all but assured that the merits appeal of the sale order would be rendered moot. *See Revel*, 802 F.3d at 567 ("[H]ere . . . the District Court denied a stay, and the practical effect was to resolve [the] appeal on the merits, as the combination of the imminent closing of the sale and § 363(m) would have mooted its appeal."). As such, in deciding whether it had jurisdiction to entertain the appeal from the district court's stay-denial order, the court held "where it is all but assured that a statute will render an appeal moot absent a stay, a stay denial is appealable under [28 U.S.C.] § 158(d)(1)." *Id.*; *see also id.* at 571 (acknowledging and appearing to accept the appellant's argument in the context of the irreparable harm factor that, absent a stay, § 363(m) would "bat[]" its appeal "out of court"). In this case, there is no statute that would render moot Everest's appeal if the Court denies Everest's stay request. Accordingly, to the extent *Revel* applies, it applies only to the extent of the Third Circuit's discussion of the four stay factors. It cannot be squared with Everest's "mootness" argument or any other position that Everest asserts.

U.S. 418, 434 (2009)).  When a "movant does not make the requisite showings on either of the[] [first] two factors, the [] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis." *Id.* at 571 (some alterations in original)(citation omitted).  Otherwise, if "these gateway factors [substantial likelihood and irreparable injury] are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), as amended (June 26, 2017).

In this case, Everest does not demonstrate a likelihood of success on the merits of its appeal or that it is likely to experience irreparable harm.  Thus, it is unnecessary for the Court to engage in any analysis beyond consideration of those two prime factors.  Even so, the remaining factors also weigh against a stay.

### A.    Everest fails to demonstrate a strong showing of the likelihood of success on the merits of its appeal.

To satisfy this factor, Everest must demonstrate "a reasonable chance, or probability, of winning" on appeal.  *Revel*, 802 F.3d at 568-69 (citation omitted).  This means Everest must make a "showing significantly better than negligible but not necessarily more likely than not."  *Deon v. Barasch*, No. 17-1454, 2018 WL

6524327, at *2 (M.D. Pa. Dec. 12, 2018)(Rambo, J.)(citing *Revel*, 802 F.3d at

571).[2]  Everest fails to meet its burden.

In its Brief, Everest merely repeats the same arguments that it presented to

this Court in its previous motions and briefs.  In sum, Everest's arguments are that

the panel which decided the Hartford / Penn National arbitration still exists and,

via "relevant" case law, the "existing" Hartford / Penn National panel should

decide the consolidation issue.  (Compare Doc. 21 at 13-21 with Doc. 58 at 10-14).

Everest even repeats the same refrain with respect to its viewpoint of the

applicability and relevance of *Certain Underwriters at Lloyd's London v.*

*Westchester Fire Ins. Co.*, 489 F.3d 580 (3d Cir. 2007), which the Court rejected in

its Memorandum (see Doc. 52 at 4-6).  (Compare Doc. 21 at 17-18 with Doc. 58 at

11-12).

As this Court recently held, even where the Third Circuit might disagree

with its reasoning, this Court should not find that this factor weighs in favor of a

stay applicant where the applicant made no affirmative demonstration of its

likelihood of success on the merits of its appeal other than by reiterating its

arguments made at earlier stages of the litigation.  *Deon*, 2018 WL 6524327, at *2.

Given Everest's sole reliance on its prior arguments that this Court considered and

rejected, this factor weighs against a stay.

---

[2]     A copy of the *Deon* opinion is attached hereto as Exhibit A.

Even so, Everest also fails to articulate that the Court's relevant decision amounts to an error of law or fact. *Cf. In re Los Angeles Dodgers LLC*, 465 B.R. 18, 31 (D. Del. 2011)(finding a substantial likelihood of success on the merits where party seeking a stay articulated a clear error of law by the bankruptcy court). In that regard, there does not appear to exist a court decision that compelled or suggested a different result. Moreover, Penn National, via its Motion to Compel Arbitration, merely requested the Court to follow the simple dictates of Section 4 of the Federal Arbitration Act ("FAA") – enforce the process for appointment of arbitrators set forth in the arbitration agreements and leave disputes over the meaning and application of the agreement terms to be resolved by the properly appointed arbitrators. In granting Penn National's Motion and requiring Everest to comply with the terms of the arbitration agreement it accepted, that is precisely what the Court did.

Everest fails to make a strong showing of the likelihood of its success on the merits of its appeal. This factor weighs against a stay.[3]

---

[3]    In its Brief (Doc. 58 at 14-19), Everest also discusses what it views as the likelihood of success on appeal of the Court's Order denying Everest's Motion to Intervene and Unseal ***in the related case***. Everest, though, only moves to stay a portion of the Court's Order ***in this case***, and that portion relates solely to the Court's decision to grant Penn National's Motion to Compel Arbitration. (*See, e.g.*, Doc. 58 at 6)("Petitioner Everest . . . respectfully submits this [Brief] in support of its motion to stay pending appeal from this Court's March 14, 2019 Order to the extent it granted . . . the Petition of Respondent [Penn National] to Compel Arbitration.").

**B.    Everest fails to demonstrate that irreparable injury is likely if no stay is entered.**

To satisfy this factor, the stay applicant must "demonstrate that irreparable injury is *likely* [not merely possible] in the absence of [a] [stay]." *Revel*, 802 F.3d at 569 (alterations in original)(quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)(emphasis in original)).  Under this standard, Everest must show that irreparable harm – "harm that cannot be prevented or fully rectified by a successful appeal" -- is "more apt to occur than not." *Id.* at 568, 569 (citing *Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 788 (7th Cir. 2011)). Everest again fails to meet its burden.

Everest first contends that if it is compelled to proceed to arbitration with Penn National, its pending appeal of the Court's Order granting Penn National's Petition to Compel Arbitration "may potentially be rendered moot".  (Doc. 58 at 19-20).  In support, Everest cites cases that supposedly support its argument.  But the cases Everest cites did not involve parties, like Everest, who conceded that it has a valid agreement to arbitrate disputes with Penn National, that the issue of

---

Everest's discussion of its chances of success on appeal of the Court's Order in the related case, the Motion to Unseal, is largely irrelevant.  At most, the discussion might be useful to the Court in assessing whether Everest demonstrates irreparable harm if the Order granting Penn National's Motion to Compel Arbitration is not stayed.  But, as discussed below, even that argument is flawed.  Accordingly, Everest's likelihood of success on the issues related to the denial of its Motion to Unseal does not warrant any serious discussion or consideration.

34863097.6  05/01/2019

consolidation is within the scope of the arbitration agreement, and that the ultimate procedural issue should be resolved by arbitrators. (*See* Doc. 52 at 3). The cited cases, instead, involved situations where the validity of arbitration agreements were in issue or whether parties had otherwise agreed to arbitrate certain issues.[4] Thus, the cases Everest cites are not on point with respect to its irreparable harm argument. *See also Stateside Machinery Co., Ltd. v. Alperin*, 526 F.2d 480, 482-84 (3d Cir. 1975)(adopting the view and reasoning of the First and Second Circuit Courts of Appeals for why the denial of a motion to stay arbitration is not the equivalent of a denial of an injunction in that permitting an arbitration to proceed is not likely to have serious, perhaps irreparable consequences because arbitration awards are not self-executing).

What is more, this is not a situation like in *Revel* where a statute essentially requires a stay in order to preserve the integrity of Everest's appeal. Everest's appeal will not be impacted if the Court does not enter a stay.

---

[4]     *See*, *e.g.*, *Mazera v. Varsity Ford Services, LLC*, No. 07-12970, 2008 WL 2223907, at *2 (E.D. Mich. May 29, 2008)("[A]llowing the case to proceed to arbitration while the case is on appeal may be premature because the validity of the arbitration agreement is still at issue.") (A copy of the *Mazera* opinion is attached hereto as Exhibit B.); *PaineWebber Inc. v. Harmann*, 921 F.2d 507, 511 (3d Cir. 1990)("[W]e think it obvious that the harm to a party would be per se irreparable if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, *who has not agreed to do so*, to submit to an arbitrator's own determination of his authority.")(emphasis added).

-9-

In that sense, if Everest's appeal is pending while arbitration is ongoing,
Everest is free to point out that (and any other) event to the Third Circuit.
Likewise, Everest is surely aware that arbitration awards are not self-executing.
*See also Alperin*, 526 F.2d at 482-84.  Thus, if Everest's appeal is still pending
after an arbitration award is issued, Everest still has available means to protect its
interests.  In other words, Everest could move to stay confirmation proceedings
relating to a subsequent arbitration award pending the outcome of this appeal to the
Third Circuit.  Everest's appeal would not be mooted absent a stay order here.  At
most, the only "harm" to Everest would be additional costs and expenses.  (*See
also* Doc. 58 at 20-21).  But, as other courts have concluded, that is not the
equivalent of ***irreparable*** harm – the standard for present purposes.

For example, in *Graphic Communications Union, Local No. 2 v. Chicago
Tribune Co.*, an action by a union to compel arbitration, the Seventh Circuit
observed that it "would make a mockery of arbitration as a swift and effective
remedy" if courts granted requests for stays on the ground that "the arbitration may
turn out to be a wasted expense of time and money".  779 F.2d 13, 14 (7th Cir.
1985)(Posner, J.).  In part, the court reasoned:

> [T]he fact that an order to arbitrate imposes a cost, the cost of the
> arbitration, whether it is an opportunity cost of time or an out-of-
> pocket expense for lawyers or witness fees or whatever, or both
> types of costs, does not show irreparable harm. Otherwise every
> order to arbitrate would be deemed to create irreparable harm,
> and it would be easy to get such orders stayed. That however

would fly in the face of the strong federal policy in favor of arbitrating disputes in general and labor disputes in particular. [(citation omitted)].  Arbitration is supposed to be swift. It will not be swift if orders to arbitrate are routinely stayed pending appeals from those orders.

*Id.* at 15.

More recently, in *Cup v. AMPCO-Pittsburgh Corp.*, the United States District Court for the Western District of Pennsylvania denied a motion to stay pending appeal of the court's order granting a motion to compel arbitration.[5]  No. 17-0189, 2017 WL 3316248 (W.D. Pa. Aug. 3, 2017).[6]  The court, in part, held that the stay applicants failed to demonstrate a risk of irreparable injury.  *Id.* at *2.  The stay applicants pertinently argued that they would suffer irreparable injury "by

---

[5]    After the district court denied the stay, the stay applicants moved in the Third Circuit (No. 17-2349) for the same relief, albeit under Federal Rule of Appellate Procedure 8(a)(2).  On September 5, 2017, the Third Circuit issued an order summarily granting the request, without any apparent explanation or indication as to why it reached the opposite conclusion. Notably, however, the Third Circuit ended up reversing the district court on the merits, holding that the district court erred when it granted the motion to compel arbitration.  *Cup v. AMPCO Pittsburgh Corporation*, 903 F.3d 58 (3d Cir. 2018).  Accordingly, even at the initial stages of the appeal, the Third Circuit probably viewed the stay applicants as having a very strong likelihood of success on the merits.  *See also Revel*, 802 F.3d at 571 ("[D]epending on how strong a case the stay movant has on the merits, a stay is permissible even if the balance of harms and public interest weigh against holding a ruling in abeyance pending appeal.").  That is not this case. Everest fails to demonstrate a likelihood of success on the merits of its appeal as to the Court's Order granting Penn National's Motion to Compel Arbitration.

[6]    A copy of the *Cup* opinion is attached hereto as Exhibit C.

being required to proceed in an arbitration which may be rendered moot by the appeal, or which may itself moot the appeal." *Id.* The stay applicants further argued that "the time, expense, and burden of arbitration would be wholly unnecessary" if they were successful on appeal. *Id.* The court rejected the arguments, specifically concluding that while the arbitration process delineated in the agreement would involve some time and expense, "that burden d[id] not rise to the level of an irreparable injury that warrant[ed] a stay." *Id.* In reaching its conclusion, the court expressed that "several courts have held that an order to arbitrate does not establish irreparable harm that warrants a stay" and further relied on some of the above language from *Graphic Communications Union*. *Id.*

In sum, Everest's argument that, if no stay is entered, its pending appeal of the Court's Order granting Penn National's Petition to Compel Arbitration "may potentially be rendered moot" and it will incur additional costs and expenses, lacks merit. Everest, though, also raises a second argument. That argument is also meritless.

Everest appears to contend that if no stay is entered and it is required to proceed with arbitration against Penn National, it (Everest) will be required to do so without any decision from the Third Circuit on the Court's Order in the related matter, denying Everest's Motion to Unseal certain documents. (*See* Doc. 58 at

-12-

21-22). Everest appears to claim that, absent such decision, it will be precluded from evidence, for potential use in the arbitration. *See id.*

The argument presupposes that the issue on appeal in the related action concerns the relevance of the sealed documents in the arbitration with Penn National. The issue, however, is one of public access, not private use. Whether the documents are relevant to the arbitration for Everest's private use is for the arbitration panel to decide. Likewise, the arbitration panel could compel Penn National to produce the documents that are sealed in the related action, for Everest's review and possible private use in the arbitration. And if the arbitration panel cut the other way, the Third Circuit's ruling on the propriety of the Court's Order denying Everest's Motion to Unseal is of no use to Everest. In short, this argument also fails to demonstrate that irreparable harm is likely.

The second stay factor weighs against a stay.

### C.    Penn National will be substantially injured if the arbitration is further delayed.[7]

Under the third stay factor, courts consider whether a stay will "substantially injure the other parties interested in the proceeding." *Nken*, 556 U.S. at 426. Here, as mentioned, Everest conceded that it has a valid agreement to arbitrate disputes

---

[7]    Because Everest cannot satisfy either of the first two stay factors, the Court does not need to consider the last two factors. *Revel*, 802 F.3d at 571. For completeness, Penn National addresses all four factors.

with Penn National and that the issue of consolidation is within the scope of the

arbitration agreement.  (See Doc. 52 at 3).  Everest also agreed that the question of

consolidation should be resolved by arbitrators.  *Id.*  Accordingly, a further delay

of the arbitration between Penn National and Everest, while Everest – with little to

no chance of success -- pursues its appeal of the Court's Order granting Penn

National's Motion to Compel arbitration, is unnecessary.  A stay would only serve

to prolong the inevitable (and agreed upon) arbitration between the Parties.

**D.    The public interest does not favor a stay.**

Courts have recognized that there is a strong public interest in favor of

arbitration.  *E.g.*, *LG Electronics, Inc. v. Wi-LAN USA, Inc.*, 2015 WL 4578537, at

*6 (S.D.N.Y. July 29, 2015).[8]  In fact, it is unequivocal that federal public policy

favors arbitration, as evidenced by the enactment of the FAA.  *Fireman's Fund*

*Ins. Co. v. Cunningham Lindsey Claims Management*, Inc., No. 03-0531, 2005 WL

1522783, at *3 (E.D.N.Y. June 28, 2005)(citing *JLM Industries, Inc. v. Stolt-*

*Nielsen SA*, 387 F.3d 163, 171 (2d Cir. 2004)(internal citation omitted));[9] *Graphic*

*Communications*, 779 F.2d at 15.  In its Brief, Everest even expressly

acknowledges that "the FAA itself represents the embodiment of Congress'

---

[8]     A copy of the *LG Electronics* opinion is attached hereto as Exhibit D.

[9]     A copy of the *Fireman's* opinion is attached hereto as Exhibit E.

recognition that there is a strong public interest in maintaining arbitration as a cost-effective alternative to litigation."  (Doc. 58 at 23).

Nonetheless, Everest proceeds to argue, with citations to two non-persuasive district court opinions, that "courts have recognized that the public's interest in cost-effective arbitration supports the issuance of a stay that allows the parties to avoid the expense of potentially mooted arbitration proceedings while an appeal is pending."  *Id.*  But, as at least one Circuit Court has explained, if courts granted requests for stays on the ground that "the arbitration may turn out to be a wasted expense of time and money" it "would make a mockery of the arbitration as a swift and effective remedy."  *Graphic Communications*, 779 F.2d at 14.  And, in fact, it would be a mockery of the arbitration process if the arbitration agreed to by Everest is delayed any longer, while awaiting resolution of Everest's appeal – an appeal which Everest cannot even make a strong showing of the likelihood of success on the merits.  This factor too weighs against a stay.[10]

## V.    CONCLUSION

Everest has not demonstrated any reason, under any of the four stay factors, as to why the Court should stay the portion of its Order granting Penn National's Motion to Compel Arbitration.  Indeed, Everest, which merely reiterates the same

---

[10]    *See* footnote 3, above.  (See also Doc. 58 at 24-25)(discussing the irrelevant concept of the public's interest in terms of Everest's appeal of the Court's Order denying its Motion to Intervene and Unseal in the related action).

arguments that it already presented to the Court, fails to make a showing of any likelihood of success on the merits of its appeal.  Likewise, Everest does not demonstrate that it will endure irreparable harm if a stay is not entered.  The Court is not required to go further.  Nevertheless, the remaining two stay factors -- the harm to Penn National and the public's interest favoring arbitration -- also weigh against a stay.  Consequently, the Court should deny Everest's Motion for a Stay Pending Appeal and enter an appropriate order.

Respectfully submitted,

Dated:  May 1, 2019

/s/ Matthew M. Haar
Matthew M. Haar, Esq. (85688)
K. Wesley Mishoe, Esq. (321983)
Saul Ewing Arnstein & Lehr LLP
2 N. Second Street, 7th Floor
Harrisburg, PA  17101
matt.haar@saul.com – 717-257-7508
wes.mishoe@saul.com – 717-257-7555

Paul M. Hummer, Esq. (46413)
Saul Ewing Arnstein & Lehr LLP
1500 Market Street, 38th Floor
Philadelphia, PA  19102
paul.hummer@saul.com – 215-972-7788

*Attorneys for Petitioner*
*Pennsylvania National Mutual*
*Casualty Insurance Company*

## <u>WORD COUNT CERTIFICATE</u>

In accordance with Local Rule 7.8(b)(2), I certify that this Brief complies with the Court's word-count limit of 5,000 words.  Based on the word-count feature of the word-processing system used to prepare this Brief, the Brief contains 4,582 words.

Dated:  May 1, 2019             <u>/s/ Matthew M. Haar</u>
                                Matthew M. Haar

-17-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2019, I served a true and correct copy of the

foregoing *Brief* upon the following through ECF filing:

> Marc E. Wolin, Esq.
> Joseph J. Schiavone, Esq.
> Jeffrey S. Leonard, Esq.
> Saiber LLC
> 18 Columbia Turnpike, Suite 200
> Florham Park, NJ  07932
>
> Lloyd A. Gura, Esq.
> Mound Cotton Wollan & Greengrass LLP
> One New York Plaza
> New York, NY  10004

Dated:  May 1, 2019                     /s/ Matthew M. Haar
                                        Matthew M. Haar

-18-